



THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MICHAEL CHESTNOV**
Senior Counsel
Phone: (212) 788-0991
Fax: (212) 788-9776
mchestnov@law.nyc.gov

November 30, 2011

**MEMO ENDORSED**

**BY HAND**
Honorable Theodore H. Katz
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007



Re:  Keith Thompson v. Officer Ruiz, et al.,
     11-cv-5310 (PAC)(THK)

Your Honor:

I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, which represents defendant City of New York ("City") in the above-referenced matter.[1]  Defendant City respectfully requests a thirty-day extension of time to answer or otherwise respond, from November 30, 2011 to December 30, 2011.[2]  This is defendant City's first request for an extension of time in this matter.  Plaintiff, who is proceeding *pro se*, consents to this request.

---

[1] This case has been assigned to Assistant Corporation Counsel Uriel Abt, who is not yet admitted and is handling this matter under supervision.  Mr. Abt may be reached directly at (212) 788-1298.

[2] On November 14, 2011, an affidavit of service was filed on behalf of Plaintiff indicating that City was served on November 14, 2011.  (Docket Entry No. 9.)  This office's records, however, indicate that a summons and complaint were received at 100 Church Street, New York, NY 10007 on November 9, 2011.  Accordingly, defendant will City treat November 9, 2011 as the date of service and November 30, 2011 as the original answer-by date.

COPIES MAILED
TO COUNSEL OF RECORD ON  12/1/11

This case concerns Plaintiff's allegations that on May 10, 2011, after refusing to move his delivery truck as ordered by Officers Ruiz and Muentes, he was stopped and frisked.

Defendant City seeks an extension of time in this matter for two reasons. First, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, additional time is needed to investigate the allegations in the complaint before responding. It does not appear from Plaintiff's complaint that he was arrested or prosecuted in connection with the alleged incident, thus a release pursuant to N.Y. C.P.L. § 160.50 is likely not required in this case. Nevertheless, defendant City requests an extension of time to gather documents related to the incident from the New York City Police Department. These documents are necessary to allow this office to properly assess this case and respond to the complaint.

Second, assuming Plaintiff has effected proper service on the individually named defendants, the extension will allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent them. See Mercurio v. City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

In addition to City, Plaintiff names Officer Ruiz and Officer Raphael Muentes as defendants. Upon information and belief, Officers Ruiz and Muentes have not yet been served with process. As such, this request for an extension of time is not made on their behalf. However, assuming Plaintiff properly serves them, given the time involved in determining the representation of City employees, and in the interest of judicial economy, we would hope that the Court may, *sua sponte*, extend the time to answer on behalf of them as well.

For the foregoing reasons, defendant City respectfully requests a thirty-day extension of time to answer or otherwise respond to the complaint, from November 30, 2011 until December 30, 2011. This extension of time will not affect any other deadlines.

Defendant City thanks the Court for its time and its consideration of this request.

Respectfully submitted,

Michael Chestnov
Senior Counsel
Special Federal Litigation Division

So Ordered:
12/1/11
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

cc: Keith Thompson (By First Class Mail)
*Plaintiff Pro Se*
50-14 Broadway, Apt. 4D
Woodside, NY 11377

**MEMO ENDORSED**

2